# CITY COURT OF NEW YORK.

## Cohn agt. Husson.

*Supplemental complaint — When will be allowed — Code of Civil Procedure,
section 544.*

Where plaintiff's cause of action is upon a promissory note made by
defendant to plaintiff's order, and defendant admits the making of the
note, but alleges by way of avoidance that since the making and delivery
of said note he made and delivered a certain other note as a renewal of
the note sued on; and that the latter note was outstanding and not
matured, the plaintiff should have leave by supplemental complaint to
allege the fact that the note pleaded in defendant's answer as payment
of the note in suit was not paid and was in plaintiff's possession, and to
pray that he may tender the same on the trial.

*Special Term, March, 1884.*

*Abraham Kling,* for motion.

*D. T. McMahon,* in opposition.

Browne, J. — Section 544 of the Code of Civil Procedure
permits a supplemental pleading, alleging material facts occur-
ring after former pleading, either in addition to or in place of
the former pleading.

The plaintiff's cause of action is founded upon a promissory
note made by defendant to the plaintiff's order for the sum
of $500. The defendant admits the making of the note, but
alleges by way of avoidance that since the making and delivery
of said note he made and delivered a certain other note as a
renewal of the note sued on; that the latter note was out-
standing, and a claim against the defendant at the time of the
commencement of this action, and that the same had not
matured at the time of the commencement of the action.
The plaintiff recovered at trial term, but the judgment was
reversed at general term and a new trial ordered, the court
holding that the plaintiff should have repossessed himself of

the renewal note and tendered it back before he could main-
tain this action on the old note.   He now asks leave to serve
a supplemental complaint in which he will be permitted to
allege " that a note pleaded in defendant's answer as payment
to the note in suit was not paid and is in possession of the
plaintiff, and that he may tender the same on the trial."

Whether the permission, if accorded, to allege these facts
in a supplemental complaint will enable the plaintiff to recover
or not, I do not seek to determine.   That they are facts which
have arisen since he served his complaint, will not be disputed,
and as the general term did not question the plaintiff's right
to maintain his action upon the original note, but held that
the right was suspended until the renewal note was dis-
honored, it appears to me the facts he now desires to allege
by supplemental complaint as to its dishonor, and his possession
of it, are " material facts."

As the averment of such facts is sought to aid a recovery
upon the original cause of action founded upon the old note,
and neither to add nor substitute a new controversy arising
out of any transaction occurring since suit brought, I think
the relief ought to be granted.

That a supplemental complaint will not be allowed, where it
attempts to introduce an independent, substantive cause of
action growing out of later facts, upon which a judgment
could be rendered without reference to the original com-
plaint, is well settled, and the cases cited by the learned
counsel for the defendant amply support that view ; but, on
the other hand, they are not in conflict with the proposition
that new matter may be alleged in aid of the original cause
of action, which occurred subsequently to the commencement
of the suit.

The case of *Muller* agt. *Earle* (*reported in* 5 *N. Y. Supr.
Ct. R.*, 388), was an action originally commenced as one for
equitable relief, to ascertain and determine the amount due to
the plaintiff for erecting certain buildings, in which he
demanded an injunction as a part of the relief sought, restrain-

ing the comptroller (who was also made a party) from paying and the defendant Earle from receiving a sum of money named. At the trial his complaint was dismissed, but after a new trial had been granted he moved for leave to change his action, either by amendment or supplemental complaint, to a mere money demand on contract, for the reason that the whole amount of the award which was in the comptroller's hands when he brought his suit had been actually paid over to the defendant. Justice FREEDMAN (at p. 391) justly decided the application to be an attempt on the part of the plaintiff to withdraw the action pending and substitute another and an entirely different cause of action, which occurred after the institution of the first suit.

The case of *Bostwick* agt. *Menck et al.* (4 *Daly R.*, 68) was an action brought by plaintiff as receiver in proceedings supplementary to an execution issued against the defendant Beiser, upon a judgment recovered against him by one Dolan, to set aside a general assignment made by Beiser to the defendant Menck for the benefit of his creditors. After trial, resulting in a judgment in plaintiff's favor, and a reversal by the court of appeals which ordered a new trial, plaintiff asked leave to file a supplemental complaint alleging the recovery of six other judgments against Beiser since he brought his action, and his appointment as receiver in each of them. The court at general term decided that as the supplemental complaint sought to be filed stated no matter which aided or varied the case presented by the original complaint, nor in any way supported the rights of the judgment creditors mentioned therein, but alleged and presented claims on behalf of other creditors which was entirely independent, and wholly unaffected by the pleadings interposed, the issue of a supplemental complaint should not be allowed, for they were really six new causes of action by other claimants having distinct interests from those represented by the original complaint.

But this case presents a widely different aspect. Here the same consideration upon which the recovery is sought under

the old note was continued in the new. The one was a mere renewal or extension of the other. No different or additional cause of action is attempted to be set out, the recovery will still be sought upon the original cause of action. The averment of the subsequently occurring fact as to the renewal note maturing after the commencement of the action, and its being dishonored, is not intended to enlarge or change the prayer for relief, nor to alter the character of the issue, but is rather intended to support a recovery upon the original cause of action, which is still to be based upon the right to relief on the note in suit.

The case of *Fincke* agt. *Rourke* (20 *Hun*, 264) is somewhat analogous in principle to this action as regards the relief sought by plaintiff.

An order will be granted that plaintiff have leave by supplemental complaint to allege the fact that a note pleaded in defendant's answer as payment to the note in suit was not paid and is in possession of the plaintiff, and to pray that he may tender the same on the trial.